UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 17-1188 DOC (KESx)                    Date: September 6, 2017

Title: RAUL CAMACHO, ET AL. V. JLG INDUSTRIES, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING PLAINTIFFS' MOTION TO REMAND [14]**

Before the Court is Plaintiffs Raul Camacho ("Camacho") and Lucia R. Materrano's ("Materrano") (collectively, "Plaintiffs") Motion to Remand Case to the Superior Court of California, County of Orange ("Motion") (Dkt. 14). Materrano is representing Camacho as his *guardian ad litem* and is also a plaintiff in this action, seeking damages for loss of consortium. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court DENIES Plaintiffs' Motion.

## I. Facts and Procedural History

The Court adopts the facts as set out in Plaintiffs' Complaint ("Compl.") (Dkt. 1) and JLG Industries, Inc.'s ("JLG") Notice of Removal (Dkt. 1).

On or about December 8, 2015, Plaintiff Camacho was installing glass in a hotel while standing on a scissor lift. Compl. ¶ 9. While bending over to lift the glass, he slipped and fell to the concrete below. *Id.* ¶ 11. Plaintiffs allege that Camacho suffered traumatic brain injury, among other severe injuries, as a direct result of the fall. *Id.* ¶ 12.

On February 9, 2017, Plaintiffs brought this action in the Superior Court of California, County of Orange. Notice of Removal ¶ 1. They allege that a defective condition existed in equipment manufactured by JLG and rented out by Sunbelt Rentals, Inc. ("Sunbelt") (collectively, "Defendants") and seek damages for product liability, negligence, and loss of consortium. *Id.* ¶ 3.

On July 5, 2017, Plaintiffs' Workmen's Compensation Carrier, National Security Insurance Company ("NSIC") filed a motion to intervene as a subrogee pursuant to California Labor Code §§ 3852–3. Mot. at 1. The Superior Court scheduled a hearing on NSIC's motion for July 17, 2017. On July 12, 2017, a week after NSIC filed its motion to intervene, Defendant JLG removed the case based on diversity jurisdiction. *Id*. Plaintiffs do not contest that diversity jurisdiction exists in this matter.

On August 9, 2017, Plaintiffs filed the instant Motion, arguing that removal while the motion to intervene was pending in state court is barred by 28 U.S.C. § 1445(c). *Id.* at 2. On August 21, 2017, Defendant Sunbelt filed its Opposition to Plaintiffs' Motion ("Sunbelt Opp'n") (Dkt. 15). Also on August 21, 2017, Defendant JLG joined in Sunbelt's Opposition (Dkt. 16) and filed its own Opposition ("JLG Opp'n") (Dkt. 17).

## II. Legal Standard

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by an act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within thirty days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

## III. Discussion

Under 28 U.S.C. § 1445(c), Congress expressly prohibits removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State . . . ." Claims under California Labor Code § 3852 arise under California's workers' compensation laws and therefore may not be removed from state court. *Zurich Am. Ins. Co. v. Gen. Motors Corp.*, 242 F. Supp. 2d 736, 739 (E.D. Cal. 2003). Plaintiffs argue that removing their claim while a motion to intervene under California Labor Code § 3852 was pending in state court violated 28 U.S.C. § 1445(c). Mot. at 2. In response, Defendants argue that § 1445(c) was not implicated, because only NSIC's subrogation claim—not Plaintiffs' claims against Defendants—arose under California's workers' compensation laws, and NSIC had not yet officially intervened at the time of removal. Sunbelt Opp'n at 1–2; JLG Opp'n at 3–4.

California Labor Code § 3852 confers a right of subrogation on employers and others, such as insurance carriers, who pay workers' compensation benefits. "The statute allows those who become obligated by state law to pay workers' compensation benefits to bring an action against a tortious third party for recovery of those benefits." *Zurich*, 242 F. Supp. 2d at 737 n.2. "A party with subrogation rights under California Labor Code section 3850 *et seq.* may choose to (1) bring an action directly against a third party, (2) intervene in plaintiff's action, or, (3) claim a lien on recovery." *Alonso v. Blount, Inc.*, No. CV1603986BROVBKX, 2016 WL 4251569, at *4 n.8 (C.D. Cal. Aug. 10, 2016) (citing *W. Heritage Ins. Co. v. Superior Court*, 199 Cal. App. 4th 1196, 1206 (2011)). Here, NSIC sought to intervene in Plaintiffs' action as a subrogee pursuant to California Labor Code § 3852.

An intervening employer or insurance company has the right to recover in the same suit as the plaintiff under California Labor Code § 3852. *Id.* Because of that right and because 28 U.S.C. 1445(c) prohibits removal of the intervener's claim, once a party lawfully intervenes in state court, the plaintiff's otherwise removable claim can no longer be removed. *Id.* However, Plaintiffs' assertion that removal to this Court was procedurally improper because a motion to intervene was pending in state court is incorrect. In California, "an intervener becomes an actual party to the suit by virtue of the order authorizing him to intervene." *W. Heritage Ins. Co.*, 199 Cal. App. 4th at 1206. Because JLG removed this case before NSIC became a party, 28 U.S.C. § 1445(c) does not apply.

The Court notes that this outcome is in tension with the policy goals of 28 U.S.C. § 1445(c), which include (1) preserving the plaintiff's forum choice in workers'

compensation cases, (2) protecting the state's interest in administering their own workers' affairs, and (3) reducing federal courts' workload. *Zurich*, 242 F. Supp. 2d at 739.

It is not clear whether NSIC would prefer to proceed in state court. Although NSIC submitted a declaration supporting Plaintiffs' Motion, their support was based on the mistaken assertion that they could not file a subrogation claim in this Court. *See* Declaration of William Getty (Dkt. 14) ¶ 3. However, § 1445(c) only proscribes removal of subrogation claims—it does not prevent NSIC from filing a subrogation claim directly in this Court. *Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1061–62 (9th Cir. 2002), *as amended* (Aug. 7, 2002) (explaining that the § 1445(c) statutory prohibition against removal of actions arising under state workers' compensation laws is procedural rather than jurisdictional, and thus does not preclude a claim under California Labor Code § 3852 from being filed directly in federal court (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961))).

Allowing Defendants to game the system by removing to federal court when a complaint in intervention is pending harms California's interest in administering its own workers' affairs and increases the federal courts' workload. JLG filed its Notice of Removal merely five days before the state court would have decided whether to allow intervention. Mot. at 2. Denying remand allows Defendants to evade the statutory prohibition against removal of actions arising under state workers' compensation law by strategically removing to federal court while a motion to intervene is pending. Nevertheless, current precedent leaves no doubt that Defendants' removal of this action was proper. Accordingly, Plaintiffs' Motion is DENIED.

## IV. Disposition

For the foregoing reasons, the Court DENIES Plaintiff's Motion.

The Clerk shall serve this minute order on the parties.