**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-1188-DOC (KESx)                     Date: November 15, 2017

Title: RAUL CAMACHO, ET AL. V. JLG INDUSTRIES, INC., ET AL.

---

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO AMEND AND REMAND [34]**

Before the Court is Plaintiffs Raul Camacho ("Camacho") and Lucia R. Maturrano's ("Maturrano")[1] (collectively, "Plaintiffs") Motion for Leave to Amend Complaint and to Remand Case to State Court ("Motion") (Dkt. 34). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiffs' Motion.

**I.   Background**

   **A.   Facts**

The following facts are drawn from Plaintiffs' Proposed Amended Complaint ("Proposed Compl.") (Dkt. 34) and the Declaration of Emily A. Ruby ("Ruby Decl.") (Dkt. 34) Ex. 1.

---

[1] Plaintiff Lucia Maturrano's surname was misspelled in the Complaint. Mot. at 2.

This case arises from injuries that Plaintiff Raul Camacho suffered as a result of an accident that occurred on December 8, 2015. On that day, Camacho was using a scissor lift to install glass in a hotel building when he slipped between the top rail and the floor of the lift's standing platform and fell twelve feet to the ground below, sustaining serious injuries. Proposed Compl. ¶¶ 11, 18. The scissor lift was manufactured by JLG Industries, Inc. ("JLG"), and rented from Sunbelt Rentals, Inc. ("Sunbelt") (collectively, "Defendants"). *Id.* ¶¶ 12–13. Plaintiffs allege that the scissor lift was defectively designed because it left an open space between the floor and the top rail, and because it was not equipped with an approved personal fall protection system or with a full body harness and lanyard. *Id.* ¶¶ 17, 18. All of these allegations were also set out in Plaintiffs' original Complaint. *See* Compl. (Dkt. 1) ¶¶ 9–13.

After filing their original Complaint in the Superior Court, however, Plaintiffs retained new counsel. Ruby Decl. ¶ 2. When Plaintiffs' current attorneys of record took over, they reviewed all available materials relevant to the case, which were extensive, and conducted legal and factual research in order to determine whether there were any additional causes of action or potentially liable parties. *Id.* ¶ 3. During their review, the attorneys discovered that the Division of Occupational Health and Safety ("Cal/OSHA") had identified at least five violations of state safety regulations related to the scissor lift, which Cal/OSHA determined had caused or contributed to Camacho's injury. *Id.* ¶ 9. The attorneys also found substantial evidence indicating that R.D. Olson Construction, Inc. ("R.D. Olson") was the general contractor in charge of the worksite where the incident occurred. *Id.* ¶¶ 4–8.

As a result, in the Proposed Amended Complaint that Plaintiffs seek to file, Plaintiffs name R.D. Olson as a third Defendant. Proposed Compl. ¶¶ 7, 10. They allege that the company R.D. Olson was the general contractor of the worksite, and that as such, R.D. Olson was responsible for and exercised control over the safety of the worksite and the manner in which those on the worksite, including Plaintiff, performed work. *Id.* ¶ 14. Moreover, Plaintiffs claim that R.D. Olson provided the allegedly defective scissor lift to those persons working on the premises. *Id.* ¶ 51. Finally, Plaintiffs' Proposed Amended Complaint sets out new allegations claiming that all Defendants—including JLG, Sunbelt, and R.D. Olson—violated numerous safety regulations. *Id.* ¶ 64.

### B.     Procedural History

On February 9, 2017, Plaintiffs brought this action in the Superior Court of California, County of Orange. *Id.* ¶ 2. On July 12, 2017, Defendants removed to this Court (Dkt. 1).

On September 22, 2017, Plaintiffs filed the instant Motion. Plaintiffs seek leave to file an amended complaint adding R.D. Olson as a defendant, which would destroy diversity, and on that basis request that the Court remand the case to state court. Mot. at 1; Ruby Decl. ¶¶ 14–15. Plaintiffs' Proposed Amended Complaint also asserts a new claim of negligence per se against the existing Defendants based on their alleged violations of California state safety regulations. Prop. Compl. ¶¶ 63–67. On October 2, 2017, Sunbelt filed its Opposition ("Sunbelt Opp'n") (Dkt. 36). JLG filed its Opposition on the same day ("JLG Opp'n") (Dkt. 38). On October 9, 2017, Plaintiffs filed their Reply (Dkt. 40).

## II. Legal Standard

### A. Leave to Amend Under Federal Rule of Civil Procedure 15

Generally, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to permit amendment lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *accord Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The most important factor is whether amendment would prejudice the opposing party. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, "[f]utility of amendment can, by itself, justify denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amended pleading is futile if it would not meet the 12(b)(6) standard for ascertaining the legal sufficiency of a pleading. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) *abrogated by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see*

*Gibson Brands, Inc. v. John Hornby Skewes & Co., Ltd.*, No. CV 14-00609 DDP(SS), 2015 WL 4651250, at *4 n.4 (C.D. Cal. Aug. 4, 2015) ("[A]s the *Miller* court noted, the test for futility is the same as the test applied on a Rule 12(b)(6) motion. After *Ashcroft v. Iqbal*, that pleading standard is no longer viable. Thus, the proper standard is *Iqbal's* plausibility standard." (citations omitted)).

### B.　　Amendment to Add a Non-Diverse Defendant

When a plaintiff seeks to join additional defendants after removal, and that joinder would destroy subject matter jurisdiction, a court may deny joinder, or allow it and remand the case. 28 U.S.C. § 1447(e). Under Section 1447, the decision whether to allow joinder is up to "the discretion of the court." *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In the Ninth Circuit, district courts, in the exercise of their broad discretion, may consider any of a wide range of factors in deciding whether to permit amendment to join non-diverse defendants, including whether:

> (1) the party to be joined is necessary for just adjudication; (2) plaintiff would be barred by a statute of limitations from bringing claims against the new defendant in state court; (3) there has been unexplained delay in seeking joinder; (4) plaintiff's purpose in seeking joinder is dilatory; (5) the claims against the new defendant appear valid; and (6) denial of joinder will prejudice plaintiff.

*Gunn v. Wild*, No. C-01-4320 VRW, 2002 WL 356642, at *3 (N.D. Cal. Feb. 26, 2002) (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Negrete v. Meadowbrook Meat Co.*, ED CV 11-1861 DOC, 2012 WL 254039 at *3 (C.D. Cal. Jan. 25, 2012); *Yang v. Swissport USA, Inc.*, C 09-03823 SI, 2010 WL 2680800 (N.D. Cal. July 6, 2010).

## III.　　Discussion

### A.　　Amendment to Add Negligence Per Se Claim Against JLG and Sunbelt

Sunbelt and JLG argue that Plaintiffs should not be permitted to amend their Complaint to add a claim of negligence per se against Defendants, because such amendment would be futile. JLG Opp'n at 12; Sunbelt Opp'n at 3–4. Plaintiffs base their request to add a claim of negligence per se on allegations that the scissor lift JLG manufactured and Sunbelt rented out violated the California Code of Regulations.

Proposed Compl. ¶ 64. While Defendants do not dispute that they would be liable if the scissor lift is found to violate California safety provisions, they argue that Plaintiffs have not plausibly alleged that the scissor lift did in fact violate the safety code. JLG Opp'n at 13–15; Sunbelt Opp'n 4–7. Plaintiffs respond that their allegations are valid and ask the Court to grant leave to amend their Complaint. Reply at 9–10.

The Court, in its discretion, may deny leave to amend to add a futile complaint. *Bonin v. Calderon*, 59 F.3d at 845. A proposed amendment is futile if it does not meet the 12(b)(6) standard for plausibility. *See Gibson Brands, Inc.*, 2015 WL 4651250, at *4 n.4. Here, Plaintiffs allege numerous violations of state safety regulations, and also point out that Cal/OSHA conducted an investigation into the incident and identified at least five violations of state safety regulations related to the scissor lift. Mot. at 3–4. Defendants challenge the plausibility of each alleged violation, but Defendants' arguments do not show that the alleged violations of state safety code are implausible.

For example, Plaintiffs allege that Defendants' scissor lift violated California Code of Regulations title 8, § 3462(a) by using a chain between the floor and the top rail of the standing platform that did not provide protection equivalent to a midrail. Proposed Compl. ¶ 17. Under § 3462(a), the platform deck of elevating work platform equipment must be equipped with a guardrail that is 42 inches high, and have a midrail between the guardrail and the floor of the platform. Cal. Code Regs., tit. 8, § 3642(a). The regulation also provides that chains or the equivalent may be substituted for the midrail where they give "equivalent protection." *Id.* Defendants argue that the scissor lift could not have violated this regulation because the regulation provides that chains may be used instead of a midrail, and the scissor lift had a chain. JLG Opp'n at 13; Sunbelt Opp'n at 4–5. However, Plaintiffs allege that the chain did not provide protection that was equivalent to a midrail as required by the regulation. Proposed Compl. ¶ 28. This allegation is sufficient to plausibly allege that the scissor lift violated state safety code, particularly when considered alongside the allegation that Cal/OSHA reported said violation.

Given that at least one of the alleged safety violations is plausible, adding a negligence per se claim would not be futile. Accordingly, the Court GRANTS Plaintiffs' Motion to Amend their Complaint to add this cause of action.

### B.　　Amendment to Add R.D. Olson as a Defendant

Plaintiffs also seek leave to add R.D. Olson as a defendant, which would destroy complete diversity among the parties and make remand proper. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005). Defendants argue that Plaintiff seeks to add R.D. Olson solely to destroy jurisdiction, and that the amendment should not be permitted. JLG

Opp'n at 4; Sunbelt Opp'n at 1. Plaintiffs respond that they requests joinder in good faith, and that all six factors set forth in *IBC Aviation Services* favor allowing joinder and remand. Reply at 2–9. The Court considers each factor in turn.

### 1.　Just Adjudication

Plaintiffs argue that denying leave to amend to add R.D. Olson would be unjust because it would "deprive Plaintiffs of the opportunity to recover all of their damages, while allowing Defendants to unfairly limit their liability." Mot. at 10. To support this contention, Plaintiffs point out that Defendants have asserted affirmative defenses alleging fault of third parties. *Id.* Thus, Plaintiffs argue they will be precluded from full recovery if R.D. Olson is not made a party because Defendant is likely to argue that R.D. Olson is a responsible third party. *Id.* at 10–11. Defendants respond that Plaintiffs cannot show that R.D. Olson is a necessary party by making guesses about Defendants' trial strategies. JLG Opp'n at 5–6; Sunbelt Opp'n at 8–9.

The question of whether joinder is needed for just adjudication is informed by whether a party must be joined under Federal Rule of Civil Procedure 19. Federal Rule of Civil Procedure 19 "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1011 (citing Fed. R. Civ. P. 19(a)). Joinder is proper under Rule 19 where failure to join defendants would result in "separate and redundant actions." *Id.* at 1011.

However, Federal Rule of Civil Procedure 19 does not exclusively govern whether the Court may allow joinder and remand. The legislative history of a 1988 amendment to the U.S. Code indicates that Congress "intended § 1447(e), not FRCP 19 and 20, to govern joinder and remand questions in removed cases." *Trotman v. United Parcel Serv.*, No. C-96-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996). The discretion to amend under Section 1447(e) "is broader than the more restrictive joinder rules set forth in FRCP 19 and 20 . . . ." Moreover, Section 1447(e) was intended to "narrow the diversity jurisdiction of the federal courts" and "undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion." *Id.* Therefore, courts in the Ninth Circuit find that just adjudication favors joinder of diversity-destroying defendants so long as they bear more than a "tangential relationship" to the cause of action. *See Perryman*, 2009 WL 5185177, at *3; *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012; *Reynolds v. Diamond Pet Food Processors of California, LLC*, No. 2:15-CV-02118-JAM-AC, 2016 WL 1711671, at *5 (E.D. Cal. Apr. 29, 2016).

Here, Plaintiffs argue that R.D. Olson is liable for Camacho's injury because it exercised control over the worksite and failed to prevent the use of the scissor lift that allegedly caused Camacho's injury. Mot. at 6–7. Moreover, Plaintiffs claim that R.D. Olson actually provided the allegedly defective scissor lift for use by those on the worksite. Proposed Compl. ¶ 51. In similar cases, courts have found that a party who allegedly contributed to the plaintiffs' harm is more than tangentially related to the cause of action. *See*, *e.g.*, *Perryman*, 2009 WL 5185177, at *3 (finding that just adjudication favored joinder of an exercise facility manager who allegedly failed to supervise faulty equipment); *Yang*, 2010 WL 2680800, at *4 ("Plaintiffs allege that [two individual defendants'] negligence and reckless disregard of company safety procedures caused, in part, plaintiffs' injuries. Thus, the claims against [the individuals] are more than just tangentially related to those pending against [the company], and accordingly weigh in favor of joinder."); *Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, at *4 (N.D. Cal. Apr. 26, 2007) (finding that just adjudication favored joinder because denying joinder would hinder plaintiff in asserting his rights against individual employee defendant, who was allegedly involved in the retaliatory conduct).

The present action is similar to cases such as *Perryman*, where amendment to name the general manager of an exercise center was allowed because he was "alleged to be significantly involved in the occurrence giving rise to Plaintiff's claims." *Perryman*, 2009 WL 5185177, at *3. Here, like in *Perryman*, Plaintiffs allege that R.D. Olson negligently caused or contributed to Plaintiffs' injuries in this case by providing the allegedly defective scissor lift. Mot. at 4–7. Therefore, R.D. Olson is more than tangentially related to the claims underlying this suit, and this factor favors joinder.

## 2.     Statute of Limitation

The Court next considers whether the statute of limitations on the state claim would prevent Plaintiffs from bringing their claim in state court. Plaintiffs' Proposed Complaint alleges personal injury claims against R.D. Olson. Mot. at 1. The statute of limitations for a personal injury action in California is two years. *See* Cal. Code Civ. Proc. § 338(c)(1). Since Camacho was injured on December 8, 2015, the statute of limitations will not run until December 8, 2017. *See* JLG Opp'n at 7; Sunbelt Opp'n at 9.

Hence, it is possible for Plaintiffs to pursue this action in state court, although they would have to move quickly. However, while a state court action against R.D. Olson might be possible, requiring Plaintiffs to litigate in two forums would be a waste of judicial resources and risk inconsistent results. *See IBC Aviation*, 125 F. Supp. 2d at 1012.

### 3.     Unexplained Delay

The Court next considers whether Plaintiffs unduly delayed amendment to add a non-diverse party. Seven months have elapsed since Plaintiffs' counsel took over the instant action on February 9, 2017. *See* Ruby Decl. ¶ 3. However, the Motion is timely and was brought prior to the scheduling conference. Since this action is in its early stages in federal court, joinder and remand to state court will not cause delay that will prejudice the Defendants. Moreover, Plaintiffs' counsel explains that she acted in good faith by diligently reviewing the available materials before moving for joinder. Mot. at 11. Because Plaintiffs have provided reasonable explanation for their delay in filing this Motion, this factor favors joinder.

### 4.     Joinder Solely to Defeat Jurisdiction

The Court next considers whether the Plaintiffs seek addition of the non-diverse defendant solely to defeat diversity jurisdiction. However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation*, 125 F. Supp. 2d at 1012. Plaintiffs' seek to add R.D. Olson as a defendant so that they may avoid the expense and other burdens of proceeding with two separate trials. Mot. at 10. Because Plaintiffs' have provided reasonable objectives showing that their motive is not solely to defeat jurisdiction, this factor favors joinder.

### 5.     Validity of the Claims

The Court next considers whether Plaintiffs' claim against R.D. Olson appears valid. Defendants argue that Plaintiffs' claim against R.D. Olson is invalid because it is barred by the *Privette* doctrine. JLG Opp'n at 9; Sunbelt Opp'n at 8–9.

The *Privette* doctrine is a general rule in California that independent contractors' employees who are injured in the workplace cannot sue the party that hired the contractor to do the work. *Privette v. Superior Court*, 5 Cal. 4th 689 (1993), *as modified on denial of reh'g* (Sept. 16, 1993). The reason for this rule is that, in general, "when an independent contractor is hired to perform inherently dangerous work, the contractor receives authority to determine how the work is to be performed and assumes a corresponding responsibility to see that the work is performed in a safe manner." *Tverberg v. Fillner Const., Inc.*, 202 Cal. App. 4th 1439, 1446 (2012), *order vacated* (Feb. 27, 2012). However, "if a hirer does retain control over safety conditions at a worksite and negligently exercises that control in a manner that affirmatively contributes to an

employee's injuries, it is only fair to impose liability on the hirer." *Hooker v. Dep't of Transportation*, 27 Cal. 4th 198 (2002), *as modified* (Jan. 31, 2002).

Here, Plaintiffs allege that R.D. Olson was the general contractor in charge of the worksite where Camacho was injured, was present when Camacho was injured, directed how work was to be conducted at the worksite, and provided the scissor lift for Camacho to use. Proposed Compl. ¶¶ 14, 51. On that basis, Plaintiffs claim that R.D. Olson is liable for Camacho's injuries. Mot. at 6–8. This claim appears valid under *Hooker* and decisions in subsequent cases. *See Ray v. Silverado Constructors*, 98 Cal. App. 4th 1120 (2002) (holding that survivors were not barred under the *Privette* doctrine from asserting liability against a general contractor who allegedly failed to observe safety measures on the worksite); *Tverberg*, 202 Cal. App. 4th at 1439 (finding that an issue of material fact as to whether a general contractor retained control over a jobsite in a manner that affirmatively contributed to the plaintiff's injuries precluded summary judgment). Because Plaintiffs' claim against R.D. Olson appears valid, this factor favors joinder.

### 6.　Prejudice to Plaintiffs

Finally, the Court considers whether denying joinder would prejudice the Plaintiffs. Plaintiffs assert that they will suffer prejudice if not permitted to join R.D. Olson, as they will be forced to litigate a redundant action in another forum with potentially inconsistent results. Courts have found that this causes prejudice to plaintiffs. *See IBC Aviation*, 125 F. Supp. 2d at 1013 (finding that denying leave to amend "would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims.").

### 7.　Conclusion

The factors, when considered together, weigh heavily in favor of granting Plaintiffs leave to file an amended complaint naming an additional non-diverse Defendant under 28 U.S.C. § 1447(e) and remanding this matter to state court.

## VI.　Disposition

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion.

The Proposed Complaint is the operative Complaint as of this date and this action is REMANDED to the California Superior Court, County of Orange.

  The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: djl
CIVIL-GEN